THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW J. MENDIETA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. C15-1937-JCC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA ATTORNEY FEES |

　　　This matter comes before the Court on Plaintiff Matthew Mendieta's motion for attorney fees pursuant the Equal Access to Justice Act (EAJA) (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

　　　Plaintiff applied for Social Security Disability Insurance benefits (SSDI) on October 30, 2010, and was denied. (Dkt. No. 14 at 2.) Plaintiff then sought review by this Court, which found that the Administrative Law Judge (ALJ) had improperly dismissed evidence from Plaintiff's physicians and state non-examining psychological consultants by failing to make specific findings. (*Id.* at 3–18.) This Court reversed and remanded the proceeding for further consideration. (*Id.* at 18–19.)

　　　Under the EAJA, an award of attorney fees is not appropriate if the "position of the

United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). However, where an ALJ's decision is overturned because it was "lacking reasonable, substantial and probative evidence in the record," it would be "decidedly unusual" for the Government's position to be substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Al-Harbi v. I.N.S.*, 242 F.3d 882, 886 (9th Cir. 2001)). The Ninth Circuit held that if the "case was unsupported by substantial evidence [there is] a strong indication that the 'position of the United States' . . . was not substantially justified." *Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner may be substantially justified when defending ALJ procedural errors. "Procedural errors include . . . improperly rejecting testimony from a medical expert." *Gillman v. Astrue*, 829 F. Supp. 2d 999, 1004 (W.D. Wash. 2011) (internal citations omitted). However, "[w]hile the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

For example, an ALJ "is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, . . . but he cannot reject them without presenting clear and convincing reasons for doing so." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (quoting *Montijo v. Sec'y of Health and Human Serv.*, 729 F.2d 599, 601 (9th Cir. 1984)). "An ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014).

Defendant argues that the Commissioner's position was substantially justified because there were three issues of fact where the ALJ could have reasonably made two opposite conclusions. (Dkt. No. 17 at 3–4.) The three pieces of evidence were (1) Dr. Misner's opinion; (2) Dr. Widlan's opinion; and (3) Dr. Fischer and Dr. Nelson's opinions as non-examining state agency psychological consultants. (Dkt. No. 14 at 3–18.)

1    First, the Court determined that the ALJ failed in evaluating the evidence proffered by
2    Dr. Misner. The ALJ rejected Dr. Misner's opinion without specifically articulating why Dr.
3    Misner's Global Assessment of Functioning (GAF) score of 35 was less credible or inconsistent
4    with another doctor's earlier GAF score of 62. (*Id.* at 4–5.) In addition, the Court found the
5    ALJ's rejection of Dr. Misner's opinion also failed to be sufficiently detailed because it was
6    ambiguous and purportedly based on Plaintiff's subjective reports of symptoms. (Dkt. No. 14 at
7    5–11.)
8    The ALJ's findings about Dr. Widlan's opinion were equally vague. The ALJ rejected the
9    opinion because of inconsistencies between Dr. Widlan's opinion and the mental status
10   examination (MSE). (*Id.* at 12.) However, the Court noted there were abnormalities in the MSE
11   that could have readily informed Dr. Widlan's opinion. (*Id.*) There were no specific findings as
12   to why the ALJ discounted these facts, and thus no reason to discount Dr. Widlan's opinion. (*Id.*)
13   The final basis for remand was the rejection of Dr. Fischer's and Dr. Nelson's opinions as
14   non-examining state agency psychological consultants. To reject the findings of a physician, the
15   ALJ must do so "by reference to specific evidence in the medical record." (Dkt. No. 14 at 15)
16   (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998)). The Court found that the ALJ
17   based conclusions on "pure assumptions and speculation," not on specific evidence. (*Id.*)
18   The Court rejected all three pieces of evidence because the ALJ failed to make specific
19   findings or provide clear and convincing evidence for the rejection. Thus the ALJ made "basic
20   and fundamental errors." *Corbin,* 149 F.3d at 1053. Because of these errors, the Commissioner's
21   position was not "substantially justified." *See id.* Therefore, the Court GRANTS Plaintiff's
22   motion for attorney fees.
23   For the foregoing reasons, Plaintiff's motion for attorney fees in the amount of $7,258.00
24   (Dkt. No. 16) is GRANTED. The Court ORDERS a check for the above amount be made
25   payable to the Plaintiff's attorney, Tha Win, and sent to Tha Win, 606 Maynard Ave. South,
26   Suite 201, Seattle, WA 98104.

1    DATED this 25th day of July 2017.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR
EAJA ATTORNEY FEES
PAGE - 4